UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERILAND DILLARD,<br><br>   Plaintiff,<br><br>   v.<br><br>RED CANOE FEDERAL CREDIT UNION,<br><br>   Defendant. | CASE NO. C14-1782JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A STAY |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Meriland Dillard's motion for a "continuance" in the referenced action. (Mot. (Dkt. # 12).) The court liberally construes Ms. Dillard's motion as a motion seeking an approximately six-month long stay in these proceedings.[1] The court has reviewed Ms. Dillard's motion, Defendant Red Canoe Federal Credit

---

[1] *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions . . . .").

ORDER- 1

Union's ("Red Canoe") response (Resp. (Dkt. # 15)), the balance of the record, and the applicable law.  Being fully advised, the court DENIES Ms. Dillard's motion.

## II.     BACKGROUND

Ms. Dillard commenced this litigation by filing a motion for leave to proceed *in forma pauperis* on November 11, 2014.  (IFP Mot. (Dkt. # 1).)  The court granted Ms. Dillard's motion on December 11, 2014 (IFP Order (Dkt. # 7)), and her complaint was filed that same day (*see* Compl. (Dkt. # 8)).  In her complaint, Ms. Dillard alleges "discriminatory lending practices" against Red Canoe.  (*See generally id.*)  Approximately one month later, Ms. Dillard filed a motion seeking a stay in this litigation for more than six months, until June 30, 2015.  (*See* Mot. at 1 ("Plaintiff approaches the Court for a Continuance in this case as the Plaintiff is out of the country on business until June 30, 2015.").)  Ms. Dillard also specifically asks "to extend the Daedline [sic] for FRCP [Federal Rule of Civil Procedure] 26(f) Conference until July 6, 2015."  (*Id.*)  Other than saying that she "is out of the country on business," Ms. Dillard does not explain why a stay is necessary.  (*See generally id.*)

Red Canoe filed a response to Ms. Dillard's motion stating that it did not object to extending the deadline for the parties' Rule 26(f) conference until July 6, 2015, "so long as all other pretrial deadlines set forth in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement are similarly extended—including the deadlines to make initial disclosures and to submit a joint status report and discovery plan."  (Resp. (Dkt. # 15) at 1-2.)  Red Canoe, however, objects to a continuance of its pending motion to dismiss (*see* Dkt. # 13), which is presently noted for February 13, 2015.  (Resp. at 2.)

### III. ANALYSIS

A district court has the discretionary power to stay its proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55); *see also Lockyer*, 398 F.3d at 1110.

With respect to the first factor—possible damage if a stay is granted—Red Canoe does not object to certain aspects of a stay, but it does object to any delay in the court's consideration of its presently pending motion to dismiss. (Resp. at 1-2.) The court has not yet considered Red Canoe's motion to dismiss, but if it is well-taken, a stay would unnecessarily prolong the resolution of a pending motion and possibly resolution of the entire case. The case is in such early stages, however, that the court does not find that this factor weighs heavily against a stay. The same is not true, however, with respect to the final two factors. The court finds that both of these factors weigh against granting Ms. Dillard's request for a more than six-month stay as discussed below.

Ms. Dillard has not explained why, under the second factor, she will suffer inequity or hardship by being required to go forward with the prosecution of her suit simply because she is out of the country on business travel for the first six months of the year. Despite Ms. Dillard's *pro se* status, she could opt to be tied into the court's

electronic filing system. The link providing instructions on how sign up for electronic filing with the court is located in the upper, left-hand corner of the court's main webpage at http://www.wawd.uscourts.gov, in a link entitled "E-Filing (CM/ECF)." Thus, Ms. Dillard could easily access the ability to file documents with the court electronically even while she is abroad so long as she has access to an internet connection. Further, if Ms. Dillard connected to the court' electronic filing system, she also could opt to be automatically electronically served with any documents filed by Red Canoe. In addition, there is no reason that the parties could not conduct their Rule 26(f) conference via telephone, video-link, or other remote means. *See* Fed. R. Civ. P. 26(f) (simply requiring that the parties "confer"). There is no requirement that such a conference must be held in person.[2] Written discovery can certainly still be conducted even while Ms. Dillard is aboard via electronic means, and there are even provisions in the Federal Rules of Civil Procedure that allow for the possibility of taking depositions remotely. *See* Fed. R. Civ. P. 30(b)(4). If some specific problem arises in the course of discovery or otherwise in the litigation due to Ms. Dillard's location abroad for the next several months, the parties can bring that issue to the court's attention at that time.[3] Accordingly, the court finds that the second factor weighs against granting a stay.

---

[2] Rule 26(f)(2) states that "[t]he court may order the parties or attorneys to attend the conference in person," but there is no requirement for an in-person meeting. Fed. R. Civ. P. 26(f)(2). The court expressly does not require an in-person conference under the circumstances of this case.

[3] The court can envision difficulties for the parties in completing their initial disclosure of documents as required under Federal Rule of Civil Procedure 26(a)(1)(A) while Ms. Dillard is

The court also does not find that a stay will further the orderly course of justice here. Ms. Dillard filed this action and then sought a six-month stay less than two months later. She has premised her request for a stay on foreign business travel, but has provided no explanation as to why such travel was necessary or why it necessitates a stay in this litigation. Without a more compelling explanation, the court is disinclined to permit Ms. Dillard to engage in "start and stop" litigation. The court presently has nearly 200 pending cases. In order to process all of those cases in a timely manner, the court must issue and adhere to case schedules absent a demonstration of good cause for an adjustment. Thus, the court cannot conclude that granting the stay Ms. Dillard requests will further the orderly course of justice here. On balance, the court finds that the competing interests it must weigh when considering the factors in *Lockyer*, 398 F.3d at 1110, weigh against granting a stay here.

## IV.   CONCLUSION

Based on the foregoing, the court DENIES Ms. Dillard's motion for a stay in this

//
//
//
//
//

---

out of the country. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (iv). If so, the parties can seek an extension of this particular deadline from the court if appropriate.

ORDER- 5

1 action or a continuance of the parties' required Rule 26(f) conference until July 6, 2015

2 (Dkt. # 12).[4]

3     Dated this 6th day of February, 2015.

                                        JAMES L. ROBART
                                        United States District Judge

---

[4] If either party has good cause and would like a shorter extension of the deadlines set forth in the court's order regarding initial disclosures, joint status report, and early settlement (Dkt. # 10), they may seek such an extension from the court.