UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MERILAND DILLARD,

        Plaintiff,

v.

RED CANOE FEDERAL CREDIT UNION,

        Defendant.

CASE NO. C14-1782JLR

ORDER GRANTING MOTION FOR EXTENSION OF TIME

## I.    INTRODUCTION

Before the court is Defendant Red Canoe Credit Union's ("Red Canoe")[1] motion for an extension of time for the parties to complete their Federal Rule of Civil Procedure 26(f) conference, produce their Rule 26(a)(1) initial disclosures, and file their combined joint status report and discovery plan. (Mot. (Dkt. # 19).) Plaintiff Meriland Dillard has

---

[1] Red Canoe asserts that it was improperly named in the complaint as "Red Canoe Federal Credit Union." (Mot. (Dkt. # 19) at 1.)

ORDER- 1

not filed a response to Red Canoe's motion. (*See generally* Dkt.) The court has considered Red Canoe's motion, the balance of the record, and the applicable law. Being fully advised, the court GRANTS Red Canoe's motion.

## II.   BACKGROUND

On January 7, 2015, the court issued an order regarding deadlines for the parties' Rule 26(f) conference, Rule 26(a)(1) initial disclosures, and joint status report and discovery plan. (1/7/15 Order (Dkt. # 10).) The order required the parties to hold their Rule 26(f) conference no later than February 23, 2015, produce their Rule 26(a)(1) initial disclosures by March 9, 2015, and file their joint status report and discovery plan by March 9, 2015, as well. (*Id.* at 1.)

On January 13, 2015, Plaintiff filed a motion asking the court to stay the action for six months. (Mot. for Stay (Dkt. # 12).) The court denied Plaintiff's motion for a stay because Plaintiff failed to show why she would suffer inequity or hardship (in this electronic age) by being forced to go forward with her lawsuit simply because she was out of the country for six months, and because the court found that a stay would not further the orderly course of justice. (2/6/15 Order (Dkt. # 17) at 3-5.) However, in denying Plaintiff's request for the six-month stay, the court noted that it could "envision difficulties for the parties in completing their initial disclosure of documents as required under . . . Rule . . . 26(a)(1)(A) while Ms. Dillard is out of the country" and invited the parties to "seek an extension of this particular deadline . . . if appropriate." (*Id.* at 4-5, n.3.)

On January 21, 2015, Red Canoe filed a motion to dismiss Plaintiff's action in its entirety. (Mot. to Dismiss (Dkt. # 13).) In its motion to dismiss, Red Canoe challenges Plaintiff's action on jurisdictional grounds (based on alleged improper service under Federal Rule of Civil Procedure 4) and on substantive grounds. (*See generally id.*) The court notes that Red Canoe's motion to dismiss was noted for February 27, 2015, (*see* Notice (Dkt. # 18), but Plaintiff has failed to file a timely response (*see generally* Dkt.).

On February 12, 2015, Red Canoe filed its present motion seeking an extension of the deadlines contained in the court's January 7, 2015, order. (*See* Mot.) Specifically, Red Canoe asks the court to extend the deadline for the parties' Rule 26(f) deadline until 30 days following the court's ruling on Red Canoe's pending motion to dismiss. (Mot. at 1.) Red Canoe also asks the court to extend the deadline for the parties to produce their initial disclosures and file their joint status report and discovery plan until 44 days following the court's ruling on the motion to dismiss. (*Id.* at 2.)

### III.   ANALYSIS

Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the court to extend "for good cause" the time to perform an act if the request for an extension is made before the original time to perform the act expires. Fed. R. Civ. P. 6(b)(1)(A). Here, Red Canoe timely filed its motion for an extension of time prior to the deadlines set forth in the court's January 7, 2015, order. Accordingly, the "good cause" standard applies.

The court finds that Red Canoe has demonstrated good cause for an extension of the deadlines in the court's January 7, 2015, order. The court has already recognized that Plaintiff's absence from the country could create difficulties for the parties in terms of

meeting the deadline for the production of their Rule 26(a)(1) initial disclosures. (2/6/15 Order at 4-5, n.3.) In addition, the court finds that Red Canoe has demonstrated good cause for the limited extension it seeks for the parties' Rule 26(f) conference and the filing of their joint status report and discovery plan. If Red Canoe's unopposed motion to dismiss is granted, then the time, effort, and expense of the parties to adhere to the deadlines contained in the court's January 7, 2015, order (particularly while Plaintiff is out of the country) would be a waste of everyone's resources. Further, even if the motion is not granted in its entirety, there is a reasonable likelihood that the court's ruling on that motion will significantly impact any joint status report and discovery plan that the parties draft and file. Accordingly, the court finds that good cause exists for the limited extension of time sought by Red Canoe with respect to the deadlines established in the court's January 7, 2015, order.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS Red Canoe's motion for an extension of time (Dkt. # 19). The court further ORDERS that, if this matter is not dismissed, the parties shall conduct their Rule 26(f) conference within 30 days following the date that the court issues an order on Red Canoe's presently pending motion to dismiss, and they

//
//
//
//
//

shall exchange their initial Rule 26(a)(1) disclosures and file their combined joint status report and discovery plan within 44 days of the date of the same order.

Dated this 3rd day of March, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 5