UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MERILAND DILLARD,<br><br>              Plaintiff,<br><br>        v.<br><br>RED CANOE FEDERAL CREDIT UNION,<br><br>              Defendant. | CASE NO. C14-1782JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Defendant Red Canoe Credit Union's ("Red Canoe") motion to dismiss *pro se* Plaintiff Meriland Dillard's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).[1] Mr. Dillard has failed to file a timely response to Red Canoe's motion. (*See generally* Dkt.) The court has reviewed the motion, Mr. Dillard's

---

[1] Red Canoe avers that it was incorrectly named in the complaint as "Red Canoe Federal Credit Union." (*See* Mot. at 1.)

ORDER- 1

complaint (Compl. (Dkt. # 8)), the balance of the record, and the applicable law.  Being fully advised,[2] the court GRANTS Red Canoe's motion to dismiss Mr. Dillard's complaint, but also grants Mr. Dillard leave to amend portions of the complaint within 30 days of the date of this order as more fully described below.

## II.     BACKGROUND

Mr. Dillard commenced this litigation by filing a motion for leave to proceed in forma pauperis on November 11, 2014.  (IFP Mot. (Dkt. # 1).)  The court granted Mr. Dillard's motion on December 11, 2014 (IFP Order (Dkt. # 7)), and his complaint was filed that same day (*see* Compl.).

On November 21, 2014, Mr. Dillard's agent delivered to Red Canoe a copy of the complaint with a summons that lacked the clerk's signature and the court's seal.  (Amato Decl. (Dkt. # 14) ¶ 2.)  On December 31, 2014, the clerk of court issued a summons.  (*See* Dkt. # 9.)  On January 6, 2015, Mr. Dillard's agent delivered to one of Red Canoe's branch managers the summons, but no copy of the complaint was attached to the summons or otherwise included that day.  (Amato Decl. ¶ 3.)

In his complaint, Mr. Dillard alleges "discriminatory lending practices" against Red Canoe.  (*See generally id.*)  He alleges that Red Canoe "violated his constitutional rights by discriminating against him in fair lending practices." (*Id.* at 1.)  He further alleges that "[w]hen [D]efendant denied [P]laintiff [an] extension of his loan," Red

---

[2] Red Canoe requests oral argument "by telephone."  (Mot. at 1.)  The court deems oral argument to be unnecessary with respect to the proper disposition of Red Canoe's motion and accordingly denies the request.

ORDER- 2

1 Canoe overtly discriminated against him on an unspecified "prohibited basis," subjected
2 him to unspecified "disparate treatment," and applied a lending practice which had
3 "disparate impact" or "discriminatory effect on a prohibited basis" that was "not justified
4 by business necessity." (*Id.*) Mr. Dillard also alleges that Red Canoe "singled [him]
5 out . . . and refused to provide him the necessary extension of his loan that ha[d] been
6 provided to [Red Canoe's] other clients." (*Id.*) Finally, Mr. Dillard alleges that Red
7 Canoe "threatened financial harm" to him and "threatened [him] with reacquisition of
8 assets." (*Id.* at 2.)

Based on the foregoing allegations, Mr. Dillard asks the court to enjoin Red Canoe from violating the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. He requests that the court enjoin Red Canoe from transferring his account to a collection agency, debt collector, or credit reporting agency. (*Id.*) Mr. Dillard also requests that the court enjoin Red Canoe from placing him on "any 'deadbeat list'" or otherwise 'impun[ing] [his] reputation as a consumer." (*Id.*) Finally, Mr. Dillard seeks: (1) actual damages in the amount of $2,500.00; (2) statutory damages in the amount of $4,000.00 for alleged violations of the Community Reinvestment Act, $25,000.00 for alleged violations of the Equal Credit Opportunity Act, and $50,000.00 for alleged violations of the Fair Housing Act; and (3) punitive damages in the amount of $335,000.00. (*Id.*)

On January 13, 2015, Mr. Dillard filed a motion which the court construed as a motion to stay the litigation for six months until June 30, 2015. (*See* Mot. for Stay (Dkt. # 12); 2/6/15 Order (Dkt. # 17) at 1-2.) The court denied Mr. Dillard's motion for a six-month stay, but informed the parties that if either had "good cause" for a shorter

extension of the deadlines set forth in the court's order regarding deadlines for initial disclosures, joint status report, and early settlement (Dkt. # 10), the court would consider such an extension upon further motion.[3] (2/6/15 Order at 5-6 & n. 3 & 4.)

On January 21, 2015, Red Canoe filed the present motion to dismiss Mr. Dillard's complaint for insufficient service of process and failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), respectively. (*See generally* Mot.) Red Canoe's motion was noted for February 27, 2015.[4] (Notice (Dkt. # 18).) Mr. Dillard has failed to file any response to Red Canoe's motion to dismiss. (*See generally* Dkt.)

## III.   ANALYSIS

### A. Motion to Dismiss Based on Insufficiency of Service of Process

Red Canoe asserts that the court must dismiss this action because Mr. Dillard has failed to properly serve Red Canoe with both the summons and complaint simultaneously. It is axiomatic that the court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Inter'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th

---

[3] On February 12, 2015, Red Canoe moved for an extension of time for the parties to complete their Federal Rule of Civil Procedure 26(a)(1) initial disclosures and to file their combined joint status report and discovery plan until after the court had ruled on its motion to dismiss. (Mot. for Extension (Dkt. # 19).) On March 3, 2015, the court granted Red Canoe's motion. (3/3/15 Ord. (Dkt. # 21).)

[4] Red Canoe's motion was originally noted for February 13, 2015. (Mot. at 1.) However, Red Canoe attempted to serve its motion upon Mr. Dillard by mailing it to the wrong address. (Notice (Dkt. # 18) at 1.) Red Canoe re-served its motion upon Mr. Dillard by mailing it to Mr. Dillard's correct address, and accordingly Red Canoe also renoted its motion for February 27, 2015. (*Id.* at 2.)

Cir. 2007) ("[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process."). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action where service of process of a summons and complaint is insufficient. *See* Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service of process under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Here, Mr. Dillard failed to respond at all.

Rule 4(c)(1) states, in pertinent part, that "[a] summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Red Canoe has received a copy of the complaint and a properly executed summons, but not together as indicated in Federal Rule of Civil Procedure 4(c)(1).[5] (*See* Amato Decl. ¶¶ 2-3.) "In general, Rule 4(c)(1) requires plaintiffs to simultaneously serve defendants

---

[5] Red Canoe also asserts that the branch manager that Mr. Dillard served with a copy of the summons on January 6, 2015, was not "an officer, a managing or general agent, or any other agent authorized . . . to receive service of process" for Red Canoe as required by Federal Rule of Civil Procedure 4(h)(1)(B) or otherwise authorized to receive service of process under state law as permitted by Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1). (*See* Mot. at 5.) The court, however, disagrees. Red Canoe's branch manager qualifies under state law for purposes of accepting service of process. *See Reinier v. Pittsburg Des Moines Corp.*, 680 P.2d 55, 57 (Wash. 1984) (concluding the manager of "site support services" at one of its sites was an "agent" of the company under RCW 4.28.080(10) for purposes of service of process because his title "implie[d] that he possessed sufficient discretionary authority to act in a representative capacity."); *Johanson v. United Truck Lines*, 383 P.2d 512, 514 (Wash. 1963) (holding that corporation's temporary branch manager, who had authority to hire and fire certain workers, had sufficient representative authority to be a "managing agent" under RCW 4.28.080(9) for purposes of accepting service of process).

with a summons and a copy of the complaint." *Denson v. Gillespie*, No. 2:10-cv-0525-APG-VCF, 2013 WL 5838254, at *2 (D. Nev. Oct. 29, 2013). However, because courts liberally construe Rule 4 to accomplish its underlying purpose of notifying defendants of complaints against them, courts have not always been strict in requiring simultaneous service of the summons and complaint. *See id.* (citing 4A Charles Alan Wright & Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure: Civil § 1093 (3d ed. 2002)).

Although the case law is sparse, courts have permitted separate service of the complaint and summons where it is clear the defendant has not been prejudiced thereby. For example, a court held that service of an additional copy of the complaint with the second summons was not required where the initial service of the summons and complaint together was defective due to an improper return. *Moore v. City of Lehigh*, 29 F. Supp. 39, 40 (D. Okl. 1939). Further, in *Zabner-Willis v. Gladden*, No. 2:04-cv-229KS-MTP, 2007 WL 184663, at *2-3 (S.D. Miss. Jan. 19, 2007), the court deemed a *pro se* plaintiff's separate service of the summons and complaint to be sufficient and denied the defendant's motion to dismiss for insufficiency of service of process.

As noted above, however, proper service of process underpins the court's authority to exercise personal jurisdiction over Red Canoe. *See Folex Golf Indus., Inc. v. O-Ta Precision Indus. Co., Ltd.*, --- F. App'x ----, 2015 WL 1299792, at *1 (Mar. 24, 2015) ("[A]bsent proper service upon a defendant, personal jurisdiction cannot be obtained.") Thus, the court is unwilling to relax the ordinary requirements of Rule 4(c)(1) here—particularly based on such scant foreign case authority and where there is a

ORDER- 6

better alternative. The court need not simply choose between denying Red Canoe's motion or granting dismissal. In its discretion, the court may treat a motion to dismiss for insufficient service of process as a motion to quash service instead. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Bank Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.")). Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Indeed, "the simplest solution" in those cases in which it is not clear whether proper service has been made "is to quash process and allow the plaintiff another opportunity to serve the defendant." 5B Charles Alan Wright & Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure: Civil § 1354 (3d ed. 2002).

Further, although Rule 4(m) requires service within 120 days after the complaint is filed, it "contemplates the possibility of an extension of time which, again, . . . is . . . left to the court's discretion. *See S.J.*, 470 F.3d at 1293; Fed. R. Civ. P. 4(m). Specifically, Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A court must extend Rule 4(m)'s 120-day time period if the plaintiff shows good cause for failure to timely serve a defendant. *Efaw v. Williams*, 473

F.3d 1038, 1040-41 (9th Cir. 2007).  Even absent good cause, however, the court has broad discretion to extend the time for service.  *Id.* at 1041.  In exercising this discretion, the court may consider factors such as the length of delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service.  *Id.*

Mr. Dillard has not responded to Red Canoe's motion and so has not demonstrated good cause for his failure to serve the summons and complaint "together" as delineated in Rule 4(c)(1).[6]  Nevertheless, the court can discern and Red Canoe asserts no prejudice as a result of Mr. Dillard's failure.  Indeed, Red Canoe received actual notice of this suit and has filed the present motion to dismiss.  Further, the complaint in this action was filed on December 11, 2014.  (*See* Dkt. ## 7 & 8.)  Thus, the 120-day period delineated in Rule 4(m) to accomplish service of process did not expire until April 10, 2015—just a few days prior to the issuance of this order.  The length of delay in accomplishing proper service, therefore, has been minimal so far.  Accordingly, the court will exercise its discretion and treat Red Canoe's motion as one to quash service of process rather than dismiss.  The court will grant Red Canoe's motion to quash service, but also grant Mr. Dillard an additional 30 days from the date of this order to accomplish proper service of

---

[6] The court is mindful of Mr. Dillard's *pro se* status, but this does not excuse his failure to respond to Red Canoe's motion.  *Pro se* litigants do not operate by a different set of procedural rules.  Although the court views a *pro se* litigants filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* litigants, including Mr. Dillard, "must still follow the same rules of procedure that govern other litigants," *In re Harris*, 596 F. App'x 581, 583 (9th Cir. 2015) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)) (internal quotations removed).

process pursuant to Rule 4(m). *See* Fed. R. Civ. P. 4(m); *see also Myers v. John Deere, Ltd.*, 683 F.2d 270, 272 (8th Cir. 1982) (permitting the plaintiff to reserve the summons and complaint where the initial service did not include a copy of the summons). Should Mr. Dillard fail to accomplish proper service of process within this time period, Red Canoe may renew its Rule 12(b)(5) motion to dismiss.

### B.  Motion to Dismiss Based on Insufficient Allegations

Red Canoe moves for dismissal of all of Mr. Dillard's claims either because there is a dearth of factual allegations to support them or because the claim is legally barred on some other basis. The court considers each claim.

#### 1.  Standards for Dismissal under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ P. 12(b)(6). In reviewing Mr. Dillard's complaint, the court accepts his allegations as true, and the court construes his complaint liberally because he drafted it *pro se*. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 892 (9th Cir. 2014). However, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The tenet that this court must accept as true all of the allegations contained in the complaint "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**2. Community Reinvestment Act**

Mr. Dillard claims that Red Canoe violated the Community Reinvestment Act ("CRA"), 12 U.S.C. §§ 2901, *et seq.*[7] (*See* Compl. at 1.) The CRA states as its purpose:

> . . . to require each appropriate Federal financial supervisory agency to use its authority when examining financial institutions, to encourage such institutions to help meet the credit needs of the local communities in which they are chartered consistent with the safe and sound operation of such institutions.

12 U.S.C. § 2901(b). Although the Ninth Circuit has not ruled on the issue, courts that have considered this statute have held that it does not provide for a private cause of action. *See Powell v. Am. Gen. Fin., Inc.*, 310 F. Supp. 2d 481, 486 (N.D.N.Y. 2004) (citing *Lee v. Bd. of Governors of the Fed. Reserve Sys.*, 118 F.3d 905, 913 (2d Cir. 1997); *Hicks v. Resolution Trust Corp.*, 970 F.3d 378, 382 (7th Cir. 1992)). The court found no authority to the contrary. The court therefore dismisses Mr. Dillard's claim under the CRA with prejudice.

**3. Equal Credit Opportunity Act and Fair Housing Act**

Mr. Dillard asserts that Red Canoe violated both the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.* (*See* Compl. at 1.) The ECOA makes it unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--(1)

---

[7] Mr. Dillard erroneously refers to the statute as the "Community Investment Act," but correctly cites the corresponding provision in the United States Code. (*See* Compl. at 1.)

ORDER- 10

1  on the basis of race, color, religion, national origin, sex or marital status, or age (provided

2  the applicant has the capacity to contract)." 15 U.S.C. § 1691(a). The FHA makes it

3  "unlawful for any person or other entity whose business includes engaging in residential

4  real estate-related transactions to discriminate against any person in making available

5  such a transaction, or in the terms or conditions of such a transaction, because of race,

6  color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a).

7        Here, the complaint does not allege that Mr. Dillard is the member of any class of

8  persons protected by either the ECOA or FHA. Thus, there are no factual allegations in

9  the complaint to support a claim that Red Canoe has improperly denied Mr. Dillard an

10 extension of loan under the ECOA or in some way violated the FHA. Further, although

11 the complaint is rife with legal conclusions, there are no alleged facts from which it could

12 be reasonably inferred that Red Canoe impermissibly discriminated against Mr. Dillard

13 even if he is a member of a protected class of individuals under one or both statutes.

14 Finally, there are no allegations as to how Red Canoe qualifies as engaged in "residential

15 real estate-related transactions" so as to trigger application of the FHA. Accordingly, the

16 court find Mr. Dillard's complaint does not meet the pleading standards set forth above

17 with respect to his claims under the ECOA and the FHA claims and dismisses these

18 claims without prejudice.

19     **4.  Fair Credit Reporting Act**

20       Mr. Dillard asserts that Red Canoe violated the Fair Credit Reporting Act

21 ("FCRA"), 15 U.S.C. §§ 1681-1681u. (Compl. at 2.) Mr. Dillard may not maintain a

22 claim under the FRCA for violations of either § 1681s-2(a), which imposes certain duties

on those who furnish information to consumer reporting agencies to encourage accurate reporting, or § 1681s-2(e), which contains provisions for the creation of accuracy guidelines for those who furnish information to consumer reporting agencies. The Ninth Circuit has held that there is no private right of action for violations of these provisions of FCRA. *See Gorman v. Wolpoff & Abramson*, LLP, 552 F.3d 1008, 1014 (9th Cir. 2009) ("Duties imposed on furnishers under [Section 1681s–2(a) ] are enforceable only by federal or state agencies."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059-60 (9th Cir.2002) ("Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies."); *Marshall v. Swift River Academy, LLC*, 327 F. App'x 13, 15 n.1 (9th Cir. 2009) (noting that private claims under § 1618s-2(e)'s accuracy guidelines are similarly barred).

      A private right of action, however, does exist under § 1681s-2(b) of FCRA. *Gorman*, 552 F.3d at 1014; *Nelson*, 282 F.3d at 1060. Duties under § 1681s-2(b) "arise only after the furnisher [of information to a consumer reporting agency] receives notice of a dispute from a [consumer reporting agency]; notice of a dispute directly from the consumer does not trigger furnishers' duties . . . ." *Gorman*, 552 F.3d at 1014; *see also Nelson*, 282 F.3d at 1060 (describing Section 1681s-2(b) as instituting a "filtering mechanism . . . by making the disputatious consumer notify a [consumer reporting agency] and setting up the [consumer reporting agency] to receive notice of the investigation by the furnisher"). Here, Mr. Dillard does not allege any facts indicating that Red Canoe furnished any information to a consumer reporting agency or received notice of a dispute concerning allegedly erroneous information from any consumer

ORDER- 12

reporting agency. As such, his complaint fails to state a claim under § 1618s-2(b). Mr. Dillard's bare-bones complaint fails to provide a short and plain statement of his FCRA claim that would enable Red Canoe to respond and mount a defense as required by Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2); *see Iqbal*, 556 U.S. at 679. Accordingly, the court grants Red Canoe's motion to dismiss Mr. Dillard's FCRA claims.

### 5. Fair Debt Collection Practices Act

Mr. Dillard claims that Red Canoe violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. (Compl. at 2.) "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs.*, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "The FDCPA comprehensively regulates the conduct of debt collectors, imposing affirmative obligation and broadly prohibiting abusive practices." *Id.* at 1060-61.

However, to be held directly liable under the FDCPA, a defendant must, as a threshold minimum, fall within the FDCPA's definition of "debt collector." *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include a creditor that is attempting to collect its own debts. *See* 15 U.S.C. § 1692a(6)(A) ("The term [debt collector] does not include – (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); *Doran v. Aus*, 308 F. App'x 49, 51 (9th Cir. 2009) ("[Defendant] was not a debt collector under the FDCPA, because it was collecting its own debt."). A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Although Mr. Dillard's factual allegations are thread-bare, he does not allege that Red Canoe is a debt collector as that word is defined under the FDCPA. (*See generally* Compl.) Liberally construed, Mr. Dillard's complaint alleges that Red Canoe was attempting to collect its own debt from Mr. Dillard by "threaten[ing] financial harm" to Mr. Dillard or "threaten[ing] [Mr. Dillard] with reacquisition of assets currently owned by [Mr. Dillard]." (Compl. at 2.) Because Mr. Dillard alleges that Red Canoe is creditor attempting to collect its own debt, Mr. Dillard's FDCPA claim fails as a matter of law and cannot be cured. Therefore, the court grants Red Canoe's motion to dismiss Mr. Dillard's FDCPA claim with prejudice.

      **6. Other Undefined Claims**

Mr. Dillard alleges generally that Red Canoe "violated his constitutional rights by discriminating against him in fair lending practices." (Compl. at 1.) He also alleges that "when [Red Canoe] denied [him an] extension of his loan [Red Canoe] violated the three methods of discrimination described by the [c]ourts." (*Id.*) Mr. Dillard alleges that those three methods of proving lending discrimination include: (1) "[o]vert evidence of

discrimination," (2) "[e]vidence of 'disparate treatment' when a lender treats an applicant differently based on prohibited factors," and (3) "[e]vidence of 'disparate impact' when a lender applies a practice uniformly to all applicants but the practice has a discriminatory effect on a prohibited basis[]and is not justified by business necessity." (*Id.*)  Although he alleges "discrimination," Mr. Dillard, however, never identifies any protected category of individuals into which he might fall.  To the extent that Mr. Dillard is alleging a claim based on case law or statutory authority that is not addressed above, the court finds that the foregoing allegations are too vague and lacking in specificity to enable Red Canoe to mount a defense or for the court "to draw the reasonable inference" that Red Canoe "is liable for the misconduct alleged."  *See* Fed. R. Civ. P. 8(a); *see Iqbal*, 556 U.S. at 679.

In addition, Mr. Dillard alleges that Red Canoe "singled him out and refused to provide the necessary extension of his loan that have [sic] been provided to other clients of [Red Canoe]," "threatened financial harm to [him]," and "threatened [him] with reacquisition of assets currently owned by [him]." (Compl. at 2.)  To the extent that Mr. Dillard is attempting to allege a claim through these allegations that the court has not otherwise already dismissed above, the court concludes that these allegations lack sufficient factual content to state a claim against Red Canoe or to support the legal conclusions that are rife throughout Mr. Dillard's complaint.  Accordingly, the court grants Red Canoe's motion to dismiss Mr. Dillard's complaint.

**7. Leave to Amend**

*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of

facts in support of her claim which would entitle her to relief. *Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007). The court must give a pro se plaintiff notice of a complaint's defects and leave to amend, unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Based on the analysis above, the court concludes that it is absolutely clear that amendment could not cure the defects in Mr. Dillard's claims under the FDCPA and the CRA because these claims fail as a matter of law.

The court, however, grants Mr. Dillard 30 days from the date of this order to file an amended complaint that satisfies the forgoing pleading standard and corrects the identified deficiencies with his remaining claims and factual allegations. If Mr. Dillard fails to timely comply with this order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standards, the court will dismiss the remaining portions of his complaint with prejudice.

### IV.   CONCLUSION

Based on the foregoing, the court GRANTS Red Canoe's motion (Dkt. # 13). In its discretion, however, the court treats the portion of Red Canoe's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) as a motion to quash service of process instead. The court GRANTS Red Canoe's motion to quash service of process, but also GRANTS Mr. Dillard an additional 30-days from the date of this order to accomplish proper service of process upon Red Canoe as delineated above. The court also GRANTS the portion of Red Canoe's motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6). The court DISMISSES Mr. Dillard's claims under the FDCPA

1  and the CRA WITH PREJUDICE and without leave to amend.  The court, however,

2  GRANTS Mr. Dillard leave to amend the remaining portions of his complaint as

3  delineated above within 30-days of the date of this order.

4        Dated this 17th day of April, 2015.

5

6

7                    JAMES L. ROBART
8                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 17